UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CV-167-F

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY; MASSACHUSETTS BAY INSURANCE COMPANY, Plaintiffs, v. McGHEE CONSTRUCTION, INC.; ORION OF NEVADA, INC.; MICHAEL S. McGHEE; BECKY A. McGHEE; JOHNATHON T. WINSTON; JOHN W. SOWELL; and TATYANA A. SOWELL, Defendants. | O R D E R |

The plaintiffs have filed Motions for Default Judgment against the defendants McGhee Construction, Inc., Orion of Nevada, Inc., Michael S. McGhee, and Becky A. McGhee. Entry of default has been made as to each of the defendants, who were served with process but failed to answer or otherwise respond. Plaintiffs aver that they have incurred at least $1,885,884.32 in losses and expenses, and they have filed copies of demand letters directed to each of these defendants. *See* Motions for Default Judgment [DE-48, -49, -50, and -51] and Exhibit 2 thereto; [DE-52.1] (Affidavit of Robert Grennan); Response to Order [DE-55].

The January 29, 2007, demand letter directed to defendants, McGhee Construction, Inc., and Michael and Becky McGhee (the "McGhee indemnitors"), seeks the sum of $1,545,321.25, consisting of $1,451,222.93 "losses paid to date, plus $94,098.32 "expenses paid to date." The demand letter presented six months later to Orion of Nevada, seeks payment of $1,885,884.32, consisting of $1,720,910.29 "losses paid to date," plus $164, 974.03 "expenses paid to date." *See* Exhibits A and B, attached to the Grennan Affidavit [DE-52.1]. The Complaint alleges joint and several liability among the defendants.

The court finds that the plaintiffs have demonstrated their entitlement to default judgment against Orion in the principal sum of $1,855,844.32. The plaintiffs further have demonstrated their entitlement to default judgment against the McGhee indemnitors -- McGhee Construction, Michael McGhee individually and Becky McGhee individually -- jointly and severally with each other, and with Orion, up to and including the sum on $1,545,321.25.

## ATTORNEY'S FEES & COSTS

Additionally, the plaintiffs seek to recover from these defendants an award of attorney's fees and costs incurred in prosecuting this action. In support of that request, plaintiff's counsel have submitted an Affidavit stating their hourly rates, and seeking attorneys fees in the sum of $13,956.50, and $575.02 in costs. *See* Exhibit 1 to each of [DE-48, -49, -50, and -51].

> A prevailing party may not recover attorney's fees as damages or as part of the court costs in the absence of some contractual obligation or statutory authority. . . . *Thorpe v. Perry-Riddick*, 144 N.C. App. 567, 570, 551 S.E.2d 852, 856 (2001). Absent a separate statute authorizing the award of attorney's fees, such as N.C. Gen. Stat. § 6-21.1, a successful litigant cannot recover attorney's fees. *See Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc.*, 143 N.C. App. 1, 12-13, 545 S.E.2d 745, 754 (2001).

*Cunningham v. Riley*, 169 N.C. App 600, 605-06, 611 S.E.2d 423, 426 (2005).

In *Lee Cycle*, a divided panel of the North Carolina Court of Appeals reversed an award of attorney fees due to a lack of statutory authority--despite an express contractual provision allowing such fees. Conversely, the North Carolina Supreme Court has reversed an award of attorney's fees where a statutory basis (N.C. Gen. Stat. § 6-21.2) provided therefor, but the guaranty contract did not. *See EAC Credit Corp. v. Wilson*, 281 N.C. 140, 187 S.E.2d 752 (1972); *see also Sara Lee Corp. v. Quality Mfg.*, 201 F. Supp. 2d 608, 614 (M.D.N.C. 2002) ("North Carolina law is peculiar in that contractual provisions for attorney's fees arising from litigation over the contract are not enforceable without statutory authorization") (citing *Stillwell Enterprises, Inc. v. Interstate Equip. Co.*, 300 N.C. 286, 266 S.E.2d 812, 814-15 (1980))); *Simontacchi v. Invensys, Inc.*, No.3:05-CV-283, 2009 WL 426466 (W.D.N.C. Feb. 19, 2009)

(same). Here, the plaintiffs contend that the Indemnity Agreement supplies the contractual basis, Exhibits A and B, attached to the Grennan Affidavit [DE-52.1], and that N.C. GEN. STAT. § 6-21.2 provides the separate statutory authority for an award of attorney's fees. *See* Grennan Affidavit [DE-52.1], at ¶¶ 20, 21. Plaintiffs seek a total of $13,956.50 in attorney's fees and an additional $575.02 in costs incurred in prosecuting this action.

As noted in the court's order of October 6, 2009, N.C. GEN. STAT. § 6-21.2(2) provides that the attorney's fee shall not exceed fifteen percent (15%) of the outstanding balance due. Here, the plaintiffs do not contend that the indemnity contracts state a specific percentage of the outstanding balance as an appropriate attorney's fee. They note, however, that their fee request of $13,956.50 represents less than one percent of each outstanding balance. The plaintiffs further seek an award of $575.02 in costs, and interest at the legal rate. The court's review of the proffered affidavits supports a finding that the plaintiffs' attorneys' fee and cost reimbursement requests are fair and reasonable.

**ORDER**

Based upon the affidavits and the Complaint , it appears to the court that (1) service of process was had on Orion of Nevada, Inc., McGhee Construction, Inc., Michael S. McGhee, and Becky A. McGhee, (2) that this court has subject matter jurisdiction over these defendants; (3) that the defendants have failed to answer or otherwise respond to the Complaint; (4) that the defendants further have failed to file any response in opposition to the plaintiffs' motion for default judgment; and (4) that the plaintiffs are entitled to default judgment as sought in the Complaint and in their motions for default judgment.

Therefore, it is ORDERED that the Clerk of Court shall enter Default Judgment herein as follows:

Plaintiffs' Motion for Default Judgment as against each of McGhee Construction, Inc. [DE-49], Michael S. McGhee, individually [DE-50], and Becky A. McGhee, individually

[DE-48], is ALLOWED in the principal sum of $1,545,321.25, plus pre-judgment interest from February 28, 2007, pursuant to N.C. Gen. Stat. § 24-5, and post-judgment interest at the legal rate, together with reasonable attorney's fees in the sum of $13,956.50, and costs in the sum of $575.02, jointly and severally, *inter se*, and with Orion of Nevada, Inc.; and

The plaintiffs' Motion for Default Judgment as against defendant **Orion of Nevada, Inc.** [DE-51] is ALLOWED in the principal sum of **$1,885,884.32**, plus pre-judgment interest from August 30, 2008, pursuant to N.C. GEN. STAT. § 24-5, and post-judgment interest at the legal rate, together with reasonable attorney's fees in the sum of $13,956.50, and costs in the sum of $575.02, jointly and severally with McGhee Construction, Inc., Michael S. McGhee, individually, and Becky A. McGhee, individually.

The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the 19th day of August, 2010.

JAMES C. FOX
Senior United States District Judge